UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HERICK LOUIS </br></br> Plaintiff, </br> v. </br></br> GREAT AMERICAN LIFE INSURANCE COMPANY, </br></br> Defendant. | CIVIL ACTION NO. </br> 04-CV-10818GAO |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

The Defendant, Great American Life Insurance Company ("GALIC" or "Defendant") seeks the dismissal of the Complaint pursuant to Fed. R. Civ. P. 8 or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). The Complaint filed by Plaintiff, Herick Louis ("Louis" or "Plaintiff"), is so vague and ambiguous that it does not comply with Rule 8, nor can the Defendant respond in good faith without prejudicing itself.

### BACKGROUND

The Complaint, attached hereto as Exhibit A, asserts only the following:

> This is regarding policy number GR213720 and policy # GR2105004. I (sic) was obtained (sic) two policies for my aunt Bertha Raphael during that time I wasn't aware that the agent was conducted (sic) an illegal business. At the time of the transactions my aunt Bertha Raphael was living in Florida not in Massachusetts. My wife and I were living in Massachusetts. The agent who sold me the policies was only licensed in Massachusetts not in Florida. The insured was never present during the interview for the policies. The insured never signed the policies. The agent had instructed my wife to forge the signature need on the original application. The policies were never reviewed by Bertha and Herick also never signed upon delivery. Based on "the vicarious liability" the insurer is liable for the agent misrepresentation or fraud. I want the

insurance/Great American to take full responsibility for the agent's action. However, I'm asking compensation of $2,000,000.

In its current state, the Complaint fails to set forth any cognizable claim or even the barest assertion of how the Plaintiff was allegedly damaged by the Defendant's alleged acts or omissions.

## ARGUMENT

### I. THE COMPLAINT DOES NOT COMPLY WITH PLEADING REQUIREMENTS OF RULE 8(A).

Rule 8(a) of the Federal Rules of Civil Procedure defines what a claim for relief must contain and how it should be presented to the Court. It requires the Complaint to set forth:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Pursuant to Rule 8, the Complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). As a result, courts, when construing pleadings, must "always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995). Complaints are inadequate if they fail to provide notice of circumstances which give rise to the claim or do not set forth sufficient information to outline the elements of the claim. Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (1st Cir. 1999).

The Complaint at issue here does not contain sufficient information to permit the Defendant to fairly understand what the Plaintiff is complaining about, and whether there is a legal basis for recovery, including the causal connection between the alleged acts and the alleged harm the Plaintiff claims to have suffered. Rather, it contains a narrative that is

- 3 -

incomprehensible concerning the alleged acts of an insurance agent, without any allegation that GALIC was his employer or otherwise responsible for his acts or omissions. Furthermore, the Complaint is devoid of any allegation that the alleged acts or omissions caused the Plaintiff any harm. Therefore, the Plaintiff's Complaint should be dismissed or the Plaintiff should be ordered to file a more definite statement. See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000) ("Under the Rules' liberal pleading standards, a plaintiff must disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery'"); See also Beanal, 197 F.3d at 164-66 (affirming dismissal of complaint that contained conclusory allegations and lacked factual specificity).

In short, the Plaintiff's scarce allegations do not comply with the fair notice requirements of Fed. R. Civ. P. 8. Therefore this Court should grant Defendant's Motion to Dismiss, or alternatively order the Plaintiff to provide a more definite statement to enable the Defendants to respond to the impenetrable complaint.

## II. IF THE COURT DOES NOT DISMISS THE COMPLAINT, IT SHOULD ORDER THE PLAINTIFF TO FILE A MORE DEFINITE STATEMENT.

Even if this Court were to conclude that the allegations met the requirements of Rule 8(a), the Defendant is still entitled to the relief sought under Rule 12(e). Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513-14 (2002) (if claims are not subject to dismissal under Rule 8, defendant can move for more definite statement under Rule 12(e)).

Rule 12(e) of the Federal Rules of Evidence provides, in pertinent part, that

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). Although motions for more definite statements are not favored, they are appropriate and should be granted where the allegations are unintelligible or "so vague and ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. 2d § 1376 (2d ed. 1990 & 2002 Supp.); See Beanal, 197 F.3d at 164 (if complaint is ambiguous or does not contain sufficient information, proper remedy is motion for a more definite statement under Rule 12(e)).

Courts have recognized Rule 12(e) motions as the proper remedy if the complaint fails to meet the pleading requirements of Rule 8, but the deficiency is not so material that the pleading should be dismissed under Rule 12(b)(6). 2 Moore's Federal Practice § 12.36[1] (Matthew Bender 3d ed. 1997 & 2003 Supp.); See, e.g., Sweirkiewicz, 534 U.S. at 513-514 (2002) (Rule 12(e) is inextricably linked to Rule 8(a)'s notice pleading standard; "[i]f a pleading fails to specify allegations in a manner that provides sufficient notice, a defendant can move for a more

definite statement under Rule 12(e) before responding."); Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 367 (11th Cir. 1996) (motions for definite statement are granted in response to "shotgun" pleadings which do not identify which allegations of fact support which claims for relief and do not permit a defendant to file a responsive pleading).

Furthermore, to the extent that the Plaintiff is attempting to assert a fraud claim, Fed. R. Civ. P. 9 requires the Plaintiff to make all averments of fraud, including the circumstances constituting the fraud, with "particularity." The Plaintiff's Complaint falls well short of that standard. See Swierkiewicz, 534 U.S. at 513, n. 3.

At a minimum, the Plaintiff should be ordered to file a more definite statement pursuant to Rule 12(e) because the Complaint as presently framed does not allow the Defendant to respond without prejudicing itself. The Complaint does not disclose how the Plaintiff was allegedly harmed by the agent's alleged acts or why GALIC is responsible for the alleged harm caused by the "agent." While the Plaintiff has alleged that there were insurance policies at issue, which his wife forged on behalf of his aunt, he does not state why GALIC should be responsible for those actions or how he has been damaged in connection with the insurance policies as a result of action taken by GALIC or individuals for whom it is responsible.

Specifically, the Plaintiff should be required to assert: 1) whether the agent was an employee of GALIC; 2) whether the policies identified were in effect at the time of the alleged harm and what right pursuant to the policy of which the Plaintiff was allegedly deprived; 3) how the agent's alleged acts or omissions caused the Plaintiff to incur some financial or other harm; 4) how the agent's alleged acts or omissions constitute a fraud (with particularity); and 4) the factual basis for the damages he is seeking.

BOS_445628_1/WROSEBUSH

## CONCLUSION

Based on the foregoing, the Defendant requests that the Court grant Defendant's Motion to Dismiss, or alternatively to Order the Plaintiff to provide a more definite statement pursuant to Rule 12(e).

Respectfully submitted,
GREAT AMERICAN LIFE INSURANCE COMPANY
By its attorneys,

_/s/ Windy Rosebush_
Donald E. Frechette, BBO #547293
Windy L. Rosebush, BBO #636962
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Telephone: (617) 439-4444

Date: May 19, 2004

## CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that on this 19th day of May, 2004, I caused a copy of the foregoing document to be served upon Herick Louis, *pro se*, 400 Savin Hill Avenue, #21, Dorchester, MA 02125 via certified mail, return receipt requested.

_/s/ Windy Rosebush_
Windy L. Rosebush