UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10818

HERICK LOUIS,
Plaintiff,

v.

GREAT AMERICAN LIFE INSURANCE COMPANY,
Defendant.

**ORDER**
July 30, 2004

O'TOOLE, D.J.

The plaintiff, acting pro se, filed a complaint in the Superior Court for Suffolk County, Massachusetts. The defendant removed the action to this Court and has filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 8 or, in the alternative, for a more definite statement, pursuant to Fed. R. Civ. P. 12(e). The plaintiff has not filed any opposition to the motion.

Rule 8 requires a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Rule 12(e) allows a defendant to move for a more definite statement before responding to a complaint which "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Though the plaintiff's complaint arguably fails to satisfy even the liberal pleading standards of the Federal Rules, I will allow it to stand but will

require the plaintiff to file a more definite statement so that the defendant is able to frame a responsive pleading.

Accordingly, the defendant's motion to dismiss is DENIED, but the defendant's alternative motion for a more definite statement is GRANTED. The plaintiff is directed to file a more definite statement within 21 days after notice of entry of this order.

It is SO ORDERED.

July 30, 2004
DATE

_____
DISTRICT JUDGE